■ FREDERICK HEROLD, Appellant, v. STATE OF NEW YORK, Respondent.— Appeal from a judgment dismissing the claim at the close of all of the testimony. The State offered no testimony. Under such circumstances the claimant is entitled to the most favorable view of the evidence, and any inferences therefrom. The decedent was committed to the Middletown State Hospital in May of 1952 because of her mental condition and suicidal tendencies and remained there almost continuously until July 9, 1953 when she took her life by hanging. During the time of her confinement she had received a considerable number of what is commonly known as "electric shock treatments", but there was no evidence that she had recovered from the suicidal inclinations. She was kept in an infirmary for such type of patients until December 26, when she was transferred to what has been referred to as Ward 12 "because of the necessity of creating a vacancy in 93" (infirmary). The testimony showed that the infirmary was so arranged that it was easier to keep the patients under surveillance and there were more personnel to supervise and attend them. The claimant offered medical proof to show that decedent's physical health was reasonably preserved and that the treatment given her for her mental condition was a well-established and recognized procedure. The doctor further testified that she was suffering from "involutional psychotic reaction, depressive and paranoid type" of mental illness and that it was necessary to provide patient with such supervision "which would safeguard the patient against acting upon an impulse to end the patient's life." The claimant offered further testimony from the members of decedent's family and the testimony [examination before trial] of

doctors who had been associated with the institution at the time of the unfortunate occurrence. One of the doctors testified that where a patient has marked suicidal tendencies whenever possible they are kept in the infirmary rather than Ward 12. From the testimony present here we are satisfied that the claimant made out a prima facie case of negligence against the State and under the circumstances the claim should not have been dismissed. Judgment reversed, on the law and the facts, and a new trial granted, with costs to abide the event. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.